IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-516-M-KS

| | | |
|---|---|---|
| EXECUTIVE WINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| UIG TRANSPORT, LLC, UTILITY | ) | |
| INNOVATION GROUP, LLC, SIDNEY | ) | |
| HINTON, ADAM SORENSEN, | ) | |
| BENJAMIN SCHNEIDER, and RICHARD | ) | |
| BEYER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to dismiss [DE #16].

Plaintiff has responded in opposition [DE #24], and Defendants have replied

[DE #25]. Where the motions have been referred to the undersigned and the parties

have not consented to the jurisdiction of the magistrate judge, the motions are

undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and

recommendation. For the reasons below, it is recommended that the motion to

dismiss be granted.

## BACKGROUND

Plaintiff initiated this lawsuit on August 22, 2025, bringing state-law claims

centered on an aircraft purchase contract dispute. (Compl. [DE #1].) After the court

directed Plaintiff to show cause why the matter should not be dismissed for lack of

subject-matter jurisdiction (O.S.C. [DE #5]), Plaintiff responded and filed an

amended complaint on September 2, 2025 (Pl.'s Resp. O.S.C. [DE #8]; Am. Compl.

[DE #7]). Plaintiff's response and Amended Complaint assert subject-matter jurisdiction based on 28 U.S.C. § 1332 (Diversity of Citizenship). (Am. Compl. ¶ 9.) According to Plaintiff's allegations, Plaintiff is a citizen of Delaware and Pennsylvania and Defendants are citizens of either North Carolina or South Carolina. (Pl.'s Resp. O.S.C. ¶ 6; Am. Compl. ¶¶ 1–9.)

Defendants move to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, arguing there is not complete diversity of citizenship between the parties. (Defs.' Mot. Dismiss; Defs.' Mem. Supp. Mot. Dismiss [DE #17].)

DISCUSSION

## I.   Rule 12(b)(1) Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). If, at any time, the court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Jurisdiction is power to declare the law, and when it [fails] to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514, 7 Wall. 506, 514 (1868)).

"When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.

2

1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). If the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law, then the court should grant the Rule 12(b)(1) motion to dismiss. *Evans*, 166 F.3d at 647.

The citizenship of a limited liability company ("LLC") is determined by the citizenship of its members at the time suit is commenced. *See Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)). Where an LLC's ownership is layered, the court must trace the LLC's ownership through the layered entities to determine citizenship. *Capps*, 53 F.4th at 302. Complete diversity between the parties is required, meaning every plaintiff must have a different citizenship than every defendant. 28 U.S.C. § 1332(a)(1); *see Cent. W. Va. Energy Co.*, 636 F.3d at 103.

Here, Defendant UIG Transport, LLC ("UIG Transport") is a limited liability company with Defendant Utility Innovation Group, LLC ("UIG") as its sole member. (Defs.' Mem. Supp. Jt. Mot. Dismiss, Ex. A, Decl. Benjamin Schneider [DE #17-1] ¶ 3.) Defendant UIG is a limited liability company[1] whose sole member, since July 26, 2021, has been Utility Innovation Holdings, Inc. (*Id.* ¶¶ 5–7.) Utility Innovation Holdings, Inc., is incorporated in Delaware and is, therefore, a citizen of Delaware for purposes of diversity jurisdiction. (*Id.* ¶ 8.) Tracing Defendant UIG Transport's ownership through the layered entities, UIG Transport's citizenship is based on the

---

[1] Plaintiff's amended complaint uses the term "limited liability corporation" in error.

citizenship of Utility Innovation Holdings, Inc. *See Capps*, 53 F.4th at 302. Thus, UIG Transport was a citizen of Delaware at the time this suit was filed in 2025. Plaintiff was also a citizen of Delaware at the time this action commenced. (Am. Compl. ¶ 1.) The requirement of complete diversity is therefore not met, and the case should be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While Plaintiff acknowledges complete diversity "may no longer exist," Plaintiff asks the court to exercise jurisdiction "in the interests of judicial efficiency and judicial economy." (Pl.'s Resp. Opp'n Mot. Dismiss [DE #24] at 2.) Plaintiff asserts its jurisdictional allegations were based upon information and belief that Defendant Hinton was the sole member of the defendant LLCs at the time of filing. (*Id.* at 6.) Diversity jurisdiction is based on the citizenship of the parties at the time of filing, not upon a plaintiff's information and belief. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004) (explaining that the "time-of-filing rule is hornbook law . . . that measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing" and that courts "adhere[] to the time-of-filing rule regardless of the costs it imposes"); *Capps*, 53 F.4th at 302. Because the parties were not completely diverse at the time of filing, this court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. This cannot be overcome by considerations of judicial economy or efficiency. *See Grupo*, 541 U.S. at 580–81 (discussing policy implications of time-of-filing rule and concomitant exceptions); *Capps*, 53 F.4th at 303 ("[T]he profound burdens on parties

4

and the judiciary, if we were to recognize convoluted jurisdictional exceptions, would greatly outweigh the prejudice to [the parties]").

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, it is RECOMMENDED that Defendants' motion to dismiss [DE #16] be GRANTED and this action be DISMISSED without prejudice for lack of subject-matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **May 22, 2026,** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from

5

appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 8th day of May 2026.

KIMBERLY A. SWANK
United States Magistrate Judge